Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
*Stephanie@TheTatarLawFirm.com*

*Attorney for Plaintiff*
*Jason Brown*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON BROWN<br><br>Plaintiff,<br><br>vs.<br><br>HIRERIGHT, INC. and SEARS ROEBUCK & CO.,<br><br>Defendants. | Civil Action No. 8:14-cv-952<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Jason Brown is an adult individual who resides in Dayton, OH.

5. Defendant HireRight, Inc. (hereafter "HireRight") is a business entity that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 5151 California Avenue, Irvine, CA 92617.

6. Defendant Sears Roebuck & Co. ("Sears") is a user of consumer reports for employment purposes that regularly conducts business in the Central District of California and which has a principal place of business located at 3333 Beverly Rd., Hoffman Estates, IL 60179.

## FACTUAL ALLEGATIONS

7. Defendant HireRight has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties ("inaccurate information").

8. The inaccurate information includes, but is not limited to criminal conviction for assault w/intent to kill from the state of South Carolina which is not a conviction against Plaintiff, but instead against another person whom Plaintiff does not know and is of no relation to Plaintiff.

9. Defendant HireRight, however, has been inaccurately reporting this charge on Plaintiff's consumer report.

10. HireRight has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

11. In or around June 2013, Plaintiff applied for and was denied employment with Sears.

12. The basis for this job denial was the inaccurate information that appears on Plaintiff's consumer report with HireRight, which was a substantial factor for the denial.

13. Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide a copy of the report to the job applicant, along with a notice of the applicant's dispute rights under the FCRA, *before* taking the adverse action, 15 U.S.C. § 1681b(b)(3)(A).

14. The reasons for the "pre-adverse action" requirement with regard to employment situations are to alert the job applicant that he or she is about to be rejected based on the content of a report, and provide him or her an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect is lost.

15. Sears and HireRight deprived Plaintiff of the right to dispute and have corrected inaccurate or misleading information reported about him.

16. Upon information and belief, Plaintiff alleges that HireRight never sent such a notice letter "at the time" it furnished an employment consumer report containing derogatory public record information about him, as required by 15 U.S.C. § 1681k(a)(1).

17. Additionally, HireRight does not maintain strict procedures designed to insure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2).

18. Upon information and belief, Plaintiff alleges that Sears never furnished Plaintiff with a clear and conspicuous written disclosure prior to procuring a consumer report about Plaintiff, nor did it obtain Plaintiff's written authorization to obtain said report, as required by 15 U.S.C. § 1681b(b)(2).

19. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment and rental opportunities, harm to reputation, emotional distress, humiliation and embarrassment.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## FIRST CLAIM FOR RELIEF - HIRERIGHT

*Violation of FCRA*

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, HireRight was a "person" and "consumer reporting agency" and a "user of consumer reports for employment purposes" as those terms are defined by 15 U.S.C. § 1681a(b), (f) and § 1681b(b)(3)(A).

24. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, HireRight is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a user of consumer reports for employment purposes, failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, and failing to comply with

1  the requirements imposed on a consumer reporting agency, in violation of 15 U.S.C.
2  § 1681b(b)(3), 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681k.

3    27. The conduct of HireRight was a direct and proximate cause, as well as
4  a substantial factor, in bringing about the serious injuries, actual damages and harm
5  to the Plaintiff that are outlined more fully above and, as a result, HireRight is liable
6  to the Plaintiff for the full amount of statutory, actual and punitive damages, along
7  with the attorneys' fees and the costs of litigation, as well as such further relief, as
8  may be permitted by law.

## SECOND CLAIM FOR RELIEF - SEARS

*Violation of FCRA*

  28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

  29. At all times pertinent hereto, Sears was a "person" and a "user of consumer reports for employment purposes" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681b(b)(3)(A).

  30. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

  31. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

  32. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Sears is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a user of consumer reports for employment purposes pursuant to 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3).

  33. The conduct of Sears was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Sears is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the

attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### JURY TRIAL DEMAND

34. Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Dated: June 20, 2014

Respectfully submitted,

_____
Stephanie R. Tatar
Tatar Law Firm, APC
3500 West Olive Avenue
Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695