**SCHEPER KIM & HARRIS LLP**
ALEXANDER H. COTE (State Bar No. 211558)
Email: acote@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

**WILLIAMS & CONNOLLY LLP**
F. GREG BOWMAN (Admitted *Pro Hac Vice*)
Email: fbowman@wc.com
EDWARD REDDINGTON (Admitted *Pro Hac Vice*)
Email: ereddington@wc.com
N. MAHMOOD AHMAD (Admitted *Pro Hac Vice*)
Email: mahmad@wc.com
SARAH L. LOCHNER (Admitted *Pro Hac Vice*)
Email: slochner@wc.com
725 Twelfth Street NW
Washington, DC 20005
Telephone:  (202) 434-5435
Facsimile:    (202) 434-5029

**Attorneys for Defendant
HireRight, Inc.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JASON BROWN, | CASE NO. 8:14-cv-00952-AG (ANx) |
| Plaintiff, | **ANSWER OF DEFENDANT HIRERIGHT, INC. TO PLAINTIFF'S COMPLAINT** |
| v. | |
| HIRERIGHT, INC. and SEARS ROEBUCK & CO., | Action Filed:     June 20, 2014<br>Trial Date:        June 16, 2015 |
| Defendants. | |

In response to the numbered paragraphs of Plaintiff Jason Brown's Complaint, Defendant HireRight, Inc. ("HireRight") answers the Complaint as set forth below. All allegations are denied unless expressly admitted.

## PRELIMINARY STATEMENT

1. HireRight denies the allegations in Paragraph 1, except to admit that this action purports to be brought by Jason Brown as a consumer under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## JURISDICTION AND VENUE

2. Paragraph 2 alleges a legal conclusion to which no response is required. To the extent that a response is required, HireRight denies the allegations in Paragraph 2, except to admit that this action purports to be brought under the FCRA.

3. Paragraph 3 alleges legal conclusions to which no response is required. To the extent that a response is required, HireRight denies the allegations in Paragraph 3, except to admit that it conducts business in the Central District of California.

## PARTIES

4. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. HireRight denies the allegations in Paragraph 5, except to admit that it conducts business in this district.

6. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, which relate to Defendant Sears Roebuck & Co. ("Sears") and not HireRight.

## FACTUAL ALLEGATIONS

7. HireRight denies the allegations in Paragraph 7, except to admit that on one occasion it included in a report about Plaintiff criminal records that matched to two or more of Plaintiff's personal identifiers, that it was later determined that these criminal records related to a different person with the same personal identifiers, and that HireRight promptly corrected the report about Plaintiff.

8.     HireRight denies the allegations in Paragraph 8, except to admit that on one occasion it included in a report about Plaintiff criminal records consistent with those described in Paragraph 8, that those criminal records matched to two or more of Plaintiff's personal identifiers, that it was later determined that those criminal records related to a different person with the same personal identifiers, and that HireRight promptly corrected the report about Plaintiff.  HireRight further states that it lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's characterization of his relationship with the subject of the criminal records.

9.     HireRight denies the allegations in Paragraph 9, except to admit that on one occasion it included in a report about Plaintiff criminal records consistent with those described in Paragraph 8.

10.     HireRight denies the allegations in Paragraph 10, except to admit that on one occasion it included in a report about Plaintiff criminal records consistent with those described in Paragraph 8.

11.     HireRight admits the allegations in Paragraph 11.

12.     HireRight denies the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 require no response because they relate to a claim that has been dismissed by stipulation of the parties.  To the extent that a response is required, HireRight states that 15 U.S.C. § 1681b(b)(3) speaks for itself and otherwise denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 require no response because they relate to a claim that has been dismissed by stipulation of the parties.  To the extent that a response is required, HireRight denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 require no response because they relate to a claim that has been dismissed by stipulation of the parties.  To the extent that a response is required, HireRight denies the allegations in Paragraph 15.

///

1       16.     HireRight denies that a notice letter was required to be sent to Plaintiff pursuant to the referenced provision of the FCRA and on that basis denies the allegations in Paragraph 16.

        17.     HireRight denies the allegations in Paragraph 17.

        18.     HireRight lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies them.

        19.     HireRight denies the allegations in Paragraph 19.

        20.     Paragraph 20 contains legal conclusions to which no response is required. To the extent that a response is required, HireRight denies the allegations in Paragraph 20.

        21.     Paragraph 21 contains legal conclusions to which no response is required. To the extent that a response is required, HireRight denies the allegations in Paragraph 21.

## FIRST CLAIM FOR RELIEF – HIRERIGHT

        22.     In response to Paragraph 22, HireRight incorporates its responses to Paragraphs 1 through 21.

        23.     Paragraph 23 contains legal conclusions to which no response is required. To the extent that a response is required, HireRight denies the allegations in Paragraph 23, except to admit that it is a person and consumer reporting agency as those terms are defined in the FCRA.

        24.     Paragraph 24 contains legal conclusions to which no response is required. To the extent that a response is required, HireRight denies the allegations in Paragraph 24 except to admit that Plaintiff is a consumer as that term is defined in the FCRA.

        25.     Paragraph 25 alleges a legal conclusion to which no response is required. To the extent a response is required, HireRight denies the allegations in Paragraph 25.

///

1     26.    HireRight denies the allegations in Paragraph 26.

2     27.    Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, HireRight denies the allegations in Paragraph 27.

### SECOND CLAIM FOR RELIEF - SEARS

28. In response to Paragraph 28, HireRight repeats its responses to Paragraphs 1 through 27.

29. Paragraph 29 states allegations solely against Defendant Sears. To the extent that a response is required of HireRight, HireRight states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

30. In response to Paragraph 30, HireRight repeats its response to Paragraph 24.

31. In response to Paragraph 31, HireRight repeats its response to Paragraph 25.

32. Paragraph 32 states allegations solely against Defendant Sears. To the extent a response is required of HireRight, HireRight states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies them.

33. Paragraph 33 states allegations solely against Defendant Sears. To the extent a response is required of HireRight, HireRight states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies them.

### JURY TRIAL DEMAND

34. Paragraph 34 alleges a legal conclusion regarding Plaintiff's entitlement to a jury trial, to which no response is required.

///

///

## PRAYER FOR RELIEF

35. HireRight denies that it is liable to Plaintiff for any of the requests for relief set forth in the WHEREFORE clause of the Complaint.

Except as otherwise expressly admitted above, HireRight denies each and every allegation contained in Paragraphs 1 through 34 of the Complaint, including, without limitation, each part and sub-part of each, and any and all headings and sub-headings in the Complaint. HireRight denies each and every claim for judgment and/or relief in the Complaint and denies that it is liable to Plaintiff Jason Brown, or any person or entity, for any damages, fees, or other monetary or non-monetary consideration, or subject to legal or equitable judgment of any kind, as a result of any claim or allegation in the Complaint. HireRight reserves the right to amend and/or supplement its Answer.

## AFFIRMATIVE DEFENSES

HireRight asserts the following affirmative defenses and reserves the right to amend this Answer to assert further defenses when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate. By designating these matters "defenses," HireRight does not intend to suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements of Plaintiff's *prima facie* case against HireRight.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Injury)

Plaintiff's claims against HireRight are barred because they fail to allege, and Plaintiff has not suffered, any cognizable injury attributable to any conduct by HireRight.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims fail, in whole or in part, because Plaintiff failed to mitigate any damages that he might have suffered.

## THIRD AFFIRMATIVE DEFENSE

### (Superseding and/or Intervening Causes by Independent Third Parties)

HireRight is not liable in whole or in part due to the fraud, misrepresentation, contributory negligence, or comparative fault of others.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred in whole or in part by the economic loss doctrine, set-off and/or recoupment and/or the doctrines of "unclean hands," laches, waiver, and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

To the extent that the Complaint purports to allege a claim resulting from any alleged breach of any standard of care allegedly owed by HireRight, HireRight specifically denies that it breached any such standard of care.

## SIXTH AFFIRMATIVE DEFENSE

### (No Right to Fees)

Plaintiff has not established that he is entitled to attorneys' fees or costs under any act or theory forming the basis of any of his claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Right to Punitive Damages)

Plaintiff has not established that HireRight is liable for any conduct for which punitive damages could or should be awarded, and such damages may violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Plaintiff cannot recover to the extent that his damages were not proximately caused by the acts or omissions of HireRight, to the extent that his damages were caused by his own acts or omissions, and/or to the extent that his damages were the

result of an independent intervening cause.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Ascertainable Damages)

Plaintiff cannot recover to the extent that his damages are speculative or uncertain.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff cannot recover from HireRight because it satisfied any obligations it owed Plaintiff under the FCRA and acted reasonably and in good faith with respect to any such obligations.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff cannot recover from HireRight because it did not violate the FCRA, either negligently or willfully, with respect to the allegations in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claim for damages fails to the extent that he seeks to recover forms of damages that are mutually exclusive under the FCRA.

***

HireRight's investigation is continuing, and HireRight reserves the right to amend this Answer and to raise additional defenses that may arise during the course of the litigation.

///
///
///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

A. That all relief demanded in the Complaint be denied;

B. That the Complaint be dismissed in its entirety and with prejudice;

C. For costs of suit; and

D. For such other and further relief as the Court determines to be just and proper.

DATED: August 11, 2014            Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**
F. GREG BOWMAN
EDWARD REDDINGTON
N. MAHMOOD AHMAD
SARAH L. LOCHNER

**SCHEPER KIM & HARRIS LLP**
ALEXANDER H. COTE


By: /s/ Alexander H. Cote
    Alexander H. Cote
    Attorneys for Defendant
    HireRight, Inc.

| | |
|---|---|
| 1 | **<u>CERTIFICATE OF SERVICE</u>** |
| 2 | I hereby certify that on August 11, 2014, I caused the foregoing to be |
| 3 | electronically filed with the Clerk of Court using the CM/ECF System., which will |
| 4 | send notification of the filing to all participants in the case who are registered |
| 5 | CM/ECF users. |
| 6 | |
| 7 | /s/ Alexander H. Cote |
| 8 | Alexander H. Cote |

- 1 -
CERTIFICATE OF SERVICE

CASE NO. 8:14-cv-00952-AG (ANx)